IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Applicant,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>Respondent. | )<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>) 01C 0242<br>)<br>) JUDGE LINDBERG<br>) |

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR ORDER TO SHOW CAUSE

Applicant, Equal Employment Opportunity Commission (the "Commission" or "EEOC"), submits this Memorandum in Support of the Commission's Application For An Order To Show Cause Why A Subpoena Should Not Be Enforced directed against United Air Lines, Inc. ("Respondent" or "UAL").

I.  BACKGROUND

On February 8, 1999, Maureen Droge ("Charging Party") filed a Charge of Discrimination against Respondent, Charge Number 210 99 1597 (the "Charge") with the Commission, alleging that Respondent had unlawfully discriminated against her on the basis of national origin, United States, in violation of Title VII. (See Declaration of Lynn Cousins, Investigator, attached to the Commission's Application For An Order To Show Cause at ¶4(a).) Specifically, the Charging Party alleged that she was denied benefits given to other UAL employees domiciled in France due to her national origin, United States, in violation of Title VII. On June 19, 2000 Charging Party amended

her Charge to include a claim of discrimination based on gender, female, also relating to the denial of certain benefits. Cousins Decl. at ¶4(a).

On March 1, 1999, following deferral of the Charge to the Illinois Department of Human Rights ("IDHR"), the Commission sent a Notice of Charge to Respondent. Cousins Decl. at ¶4(b). On February 4, 2000, the EEOC submitted a Request for Information to Respondent's counsel, seeking information relating to the benefits provided to employees working in France, including the bases for providing such benefits. The Questionnaire also requested that UAL identify each employee residing abroad who had taken or been placed on medical leave or who had otherwise been laid off, to state the basis for the leave or lay off, and to identify any benefits the employee received as a result of the leave or lay off. Cousins Decl. at ¶4(c).

On July 5, 2000, Respondent having failed to fully respond to the Request for Information, the EEOC mailed Subpoena No. CH-00-179. (Subpoena No. CH-00-179 is attached as Attachment 3 to Cousins Declaration.) The subpoena substantially repeated the requests made in the Commission's Request for Information of February 4, 2000. (Cousins Declaration, Attachment 3.)

On July 14, 2000, Respondent served the Commission with a Petition to Revoke Subpoena. (Cousins Decl. ¶4(e).)

The EEOC rejected Respondent's Petition, but modified the Subpoena to provide a time frame for the information sought. Respondent was served with the Commission's Determination on October 6, 2000. The Determination indicated that Respondent was to comply with the subpoena by October 20, 2000. (Cousins Decl. ¶4(f).) Respondent failed to comply with the subpoena by October 20, 2000, and, in fact, indicated to the investigator assigned to the file, that it did not intend to comply. (Cousins Decl. ¶4(g).)

II. ARGUMENT

    A. The Commission Is Authorized To Investigate Respondent's Compliance With Title VII and to Seek Enforcement of Its Subpoenas.

The EEOC issued Subpoena No. CH-00-179 pursuant to its authority under Sections 706, 709, and 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9, which authorizes the Commission to investigate charges alleging violations of Title VII, to obtain relevant documents from employers charged with unlawful discrimination, and to have its subpoenas enforced by the court. See also EEOC v. Gladieux Refinery, Inc., 631 F. Supp. 927, 930 (N.D. Ind. 1986) ("If a party refuses to obey a subpoena, the EEOC may apply for enforcement of the subpoena in the district court of the jurisdiction where the inquiry is being held or where the refusal occurred...").

Simply put, EEOC is authorized to investigate whether Respondent has violated Title VII, to issue the Subpoena, and to move for its enforcement by this Court.

    B. The Showing Required To Support The Commission's Application For An Order To Show Cause Is Satisfied Here.

A subpoena enforcement proceeding is "a summary process designed to decide expeditiously whether a subpoena should be enforced." EEOC v. Roadway Express, Inc., 750 F.2d 40, 42 (6th Cir. 1984). A district court's review of an EEOC subpoena is "sharply limited." EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987).

Administrative subpoenas should be judicially enforced, provided that the investigation is within the authority of the agency, the subpoena is not too indefinite, and the information sought is reasonably relevant to the matters under investigation. Tempel Steel, 814 F.2d at 485; EEOC v. A.E. Staley Mfg. Co., 711 F.2d 780, 783 (7th Cir. 1983), cert. denied, 466 U.S. 936 (1984). Here, the Commission's investigation of an alleged violation of Title VII is clearly within its authority, the

4

subpoena is quite specific, and the information sought is directly related to the matters under investigation.

Although Respondent opposed the subpoena by filing a Petition to Revoke, claiming that the Commission lacked jurisdiction and that the subpoena was too broad and burdensome, sought irrelevant information and sought privileged information, the EEOC considered these objections and rejected them as being unfounded in law or fact. This decision was set forth in detail in the Commission's Determination on Respondent's Petition to Revoke Subpoena (Cousins Decl. Attachment 4).

III. CONCLUSION

The Commission issued the Subpoena in furtherance of an investigation which is clearly within the Commission's authority, the Subpoena is not too indefinite, and the information sought is relevant to the matters under investigation. For these reasons, the reasons set forth above, and the reasons stated in the Commission's Determination on Respondent's Petition to Revoke Subpoena, the Commission respectfully requests:

A. That an Order To Show Cause be issued directing Respondent to appear before this Court and to show cause, if there be any, why an Order should not be issued directing it to comply with the Subpoena;

B. That upon Respondent's response to the Order To Show Cause, an order be issued directing Respondent to comply with the Subpoena; and

C. That the EEOC be awarded its costs in bringing this action; and

D. That the EEOC be granted such further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Ethan M. M. Cohen*

Ethan M. M. Cohen
Trial Attorney

A.R.D.C. No. 6206781
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7568

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Applicant,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>　　　　　Respondent. | **01C 0242**<br><br>Civil Action No.<br><br>JAN 1 6 2001<br><br>**JUDGE LINDBERG** |

### APPLICATION FOR AN ORDER TO SHOW CAUSE
### WHY SUBPOENAS SHOULD NOT BE ENFORCED

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") files this Application for an order to show cause why the administrative subpoena duces tecum, requiring the production of documents, issued by the EEOC on July 5, 2000, should not be enforced against United Air Lines ("Respondent" or "UAL"). In support of its Application, the EEOC states as follows:

1. This is an action for enforcement of a subpoena duces tecum pursuant to Sections 706, 709, and 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9.

2. The EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices.

3. Respondent has at all relevant times been an employer within the meaning of Section 701 (b) of Title VII, 42 U.S.C. §2000e(b).

2

4. On February 8, 1999, Maureen Droge ("Charging Party") filed a Charge of Discrimination against Respondent, Charge Number 210 99 1597 (the "Charge") with the Commission, alleging that Respondent had unlawfully discriminated against her on the basis of national origin, United States, in violation of Title VII. See Declaration of Lynn Cousins ("Cousins Decl."), Investigator, at ¶4(a), attached.

5. On March 1, 1999, following deferral of the Charge to the Illinois Department of Human Rights ("IDHR"), the Commission sent a Notice of Charge to Respondent. Cousins Decl. at ¶4(b). On February 4, 2000, the EEOC submitted a Request for Information to Respondent's counsel. Cousins Decl. at ¶4(c).

6. On July 5, 2000, Respondent having failed to fully respond to the Request for Information, the EEOC mailed Subpoena No. CH-00-179. (Subpoena No. CH-00-179 may be found as Attachment 3 to Cousins Declaration.) The subpoena substantially repeated the requests made in the Commission's Request for Information of February 4, 2000. Cousins Declaration, Attachment 3.

7. On July 14, 2000, Respondent served the Commission with a Petition to Revoke Subpoena. Cousins Decl. ¶4(e).

8. The EEOC rejected Respondent's Petition, but modified the Subpoena to provide a time frame for the information sought. Respondent was served with the Commission's Determination on October 6, 2000. The Determination indicated that Respondent was to comply with the subpoena by October 20, 2000. Cousins Decl. ¶4(f).

9. Respondent failed to comply with the subpoena by October 20, 2000, and, in fact, indicated to the investigator assigned to the file, that it did not intend to comply. Cousins Decl. ¶4(g).

WHEREFORE, the EEOC respectfully requests that this Court:

A.    Immediately issue an Order to Show Cause directing Respondent to appear before this Court on a certain date to show cause why an order should not issue directing Respondent to comply with the EEOC's Subpoena;

B.    Upon return of this Order to Show Cause, issue an order directing Respondent to comply with the Subpoena;

C.    Award the EEOC its costs in bringing this action; and

D.    Grant the EEOC such further relief as may be necessary and appropriate.

Respectfully submitted,

Date: Jan. 10, 2001

Ethan M. M. Cohen
Trial Attorney

A.R.D.C. No. 6206781
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7568

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission ("EEOC")

JAN 16 2001  JUDGE LINDBERG

**DEFENDANTS**
United Air Lines

01C 0242

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ethan M. M. Cohen
EEOC
500 W. Madison, #2800
Chicago, IL 60661
(312) 353-7568

ATTORNEYS (IF KNOWN)
Joel Kaplan
Seyfarth, Shaw, Fairweather, & Geraldson
55 E. Monroe, 42nd Floor
Chicago, IL 60603
(312) 346-8000

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

[X] 1. U.S. Government Plaintiff
[ ] 2. U.S. Government Defendant
[ ] 3. Federal Question (U.S. Government not a party)
[ ] 4. Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in this State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

[X] 1. Original Proceeding
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from another district (specify)
[ ] 8. Multidistrict Litigation
[ ] 7. Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (excl. Veterans)
- 153 Recovery of Overpayment of Veterans Benefits
- 160 Stockholders Suits
- 190 Other Contract
- 195 Contract Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employer's Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

PERSONAL INJURY
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Jobs
- 443 Housing/Accommodations
- 444 Welfare
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate sentence
- Habeas Corpus
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights

**FORFEITURE/PENALTY**
- [X] 610 Agriculture
- [X] 620 Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor laws
- 640 R.R. & Truck
- [X] 650 Airline Regs.
- [X] 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Employee Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- [X] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Enforcement of Administrative Subpoena issued pursuant to 42 U.S.C. 2000e-9 (Title VII)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23
DEMAND 0
Check YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/10/01
SIGNATURE OF ATTORNEY OF RECORD
Ethan M M Cohen

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

© WordMill Inc. 1994-96

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of United States Equal Employment Opportunity Commission v. United Air Lines

Case Number: **01C 0242**

DOCKETED JAN 16 2001

FILED 01 JAN 12 AM 11 23 U.S. DISTRICT COURT CLERK

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Applicant, United States Equal Employment Opportunity Commission

JUDGE LINDBERG

| (A) | (B) |
|---|---|
| SIGNATURE *Ethan M. M. Cohen* | SIGNATURE *José J. Behar* |
| NAME Ethan M. M. Cohen | NAME José J. Behar |
| FIRM EEOC | FIRM EEOC |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP Chicago, IL 60661 |
| TELEPHONE NUMBER (312) 353-7568 | TELEPHONE NUMBER (312) 353-7722 |
| IDENTIFICATION NUMBER A.R.D.C. No. 06206781 | IDENTIFICATION NUMBER A.R.D.C. No. 06203727 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE *[signature]* | SIGNATURE |
| NAME John Hendrickson | NAME |
| FIRM EEOC | FIRM |
| STREET ADDRESS 500 W. Madison, Suite 2800 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60661 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 353-8551 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER A.R.D.C. No. 01187589 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |